IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Jillian Woods, ) | |
| ) | C/A No. 7:20-cv-04399-DCC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Dolgencorp, Inc. d/b/a ) | **OPINION AND ORDER** |
| Dollar General Stores, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Defendant Dolgencorp, Inc.'s ("Dollar General") Motion to Dismiss in Favor of Arbitration. ECF No. 8. Plaintiff Jillian Woods ("Plaintiff") filed a Response in Opposition to the Motion, and Dollar General filed a Reply to Plaintiff's Response. ECF Nos. 15, 16. Plaintiff filed Supplemental Authority in Opposition to the Motion, and Dollar General filed a Reply. ECF Nos. 22, 23. The Court held a hearing on December 14, 2021, and took the Motion under advisement. ECF No. 26. For the reasons set forth below, Dollar General's Motion is granted.

## **BACKGROUND**

Plaintiff brings this action against Dollar General for false arrest, malicious prosecution, and abuse of process resulting from her arrest for Grand Larceny in December 2018. ECF No. 1 at 3–6. In October 2018, Plaintiff was working at the Dollar General store in Jonesville, South Carolina as a clerk. *Id.* at 2. In accepting the job, Plaintiff signed an arbitration agreement ("Agreement"), which provided in part:

> Dollar General (which includes direct and indirect subsidiaries of Dollar General Corporation), has a process for resolving employment related legal disputes with employees that involves binding arbitration. This Dollar General Employee Arbitration Agreement ("Agreement") describes that process and constitutes a <u>mutually binding</u> agreement between you and Dollar General, subject to opt out rights described at the end of this Agreement.
>
> You agree that, with the exception of certain excluded claims described below, any legal claims or disputes that you may have against Dollar General, its parent and subsidiary corporations, employees, officers and directors arising out of your employment with Dollar General or termination of employment with Dollar General ("Covered Claim" or "Covered Claims") will be addressed in the manner described in this Agreement.
>
> ***
>
> The procedures in this Agreement will be the exclusive means of resolving Covered Claims relating to or arising out of your employment or termination of employment with Dollar General, whether brought by you or Dollar General. This includes, but is not limited to, claims alleging violations of wage and hour laws, state and federal laws prohibiting discrimination, harassment, and retaliation, claims for defamation or violation of confidentiality obligations, claims for wrongful termination, tort claims, and claims alleging violation of any other state or federal laws, except claims that are prohibited by law from being decided in arbitration, and those claims specifically excluded in the paragraph below.

ECF No. 8-1 at 6.

On October 7, 2018, Dollar General's store manager, Ms. Shaneka Goode, directed Plaintiff to take a sealed deposit envelope to the bank. ECF No. 1 at 2. Plaintiff complied with Ms. Goode's directive and took the deposit envelope to South State Bank in Union, South Carolina. *Id.* She drove to the bank, placed the envelope in the drop box, and then drove away. *Id.*

A few weeks later, Plaintiff asked Ms. Goode for a change in her work schedule to accommodate the caregiving needs of her children. *Id.* When Ms. Goode did not approve the requested change, she indicated that Plaintiff would be terminated from employment if she failed to show up for work. *Id.* at 2–3. As a result of this disagreement, Plaintiff resigned from her employment at Dollar General. *Id.* at 3.

Two months later, Plaintiff was called to return to the Dollar General store and accused by Dollar General's Corporate Loss Prevention Officer of stealing the $3,000.00 deposit on October 7, 2018. *Id.* Plaintiff denied stealing the deposit and informed the officer that Ms. Goode instructed her to take it to the bank and she complied. *Id.* Dollar General investigated the incident and obtained surveillance video from the bank, which revealed that Plaintiff went to the bank on that evening. *Id.* On December 28, 2018, Plaintiff was arrested by the Union County Sheriff's Department for Grand Larceny and taken to jail. *Id.* As a result, Plaintiff had to obtain legal representation to defend herself against the criminal charge. *Id.* During the pendency of Plaintiff's criminal charge, Dollar General conducted an internal investigation into Ms. Goode, who was later arrested and charged with Breach of Trust with Fraudulent Intent on May 10, 2019. *Id.* at 3–4. Plaintiff's criminal charge was subsequently dismissed. *Id.* at 4.

## **APPLICABLE LAW**

The Federal Arbitration Act ("FAA") establishes a "strong federal public policy in favor of enforcing arbitration agreements" and is designed to "ensure judicial enforcement of privately made agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217, 219 (1985). The FAA was enacted "in 1925 in order 'to reverse the longstanding

judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements on the same footing as other contracts.'" *Snowden v. CheckPoint Check Cashing*, 290 F.3d 631, 639 (4th Cir. 2002) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991)). "Underlying this policy is Congress's view that arbitration constitutes a more efficient dispute resolution process than litigation." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (citation omitted).

The FAA provides that arbitration clauses in contracts involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under the FAA, a district court must compel arbitration and stay court proceedings if the parties have agreed to arbitrate their dispute. *Id*. §§ 2, 3. But, if the validity of the arbitration agreement is in issue, a district court must first decide if the arbitration clause is enforceable against the parties. *Id*. § 4. "[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Drews Distrib., Inc. v. Silicon Gaming, Inc.*, 245 F.3d 347, 349 (4th Cir. 2001) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)).

A party seeking to compel arbitration must do so by establishing the following four elements: (1) the existence of a dispute between the parties; (2) a written agreement that includes an arbitration provision purporting to cover the dispute; (3) the relationship of the transaction, as evidenced by the agreement, to interstate or foreign commerce; and (4) the failure, neglect, or refusal of a party to arbitrate the dispute. *Am. Gen. Life & Accident*

4

*Ins. Co. v. Wood*, 429 F.3d 83, 87 (4th Cir. 2005); *see also Whiteside v. Teltech Corp*., 940 F.2d 99, 102 (4th Cir. 1991); *Energy Absorption Sys. v. Carsonite Int'l*, 377 F. Supp. 2d 501, 504 (D.S.C. 2005).  "[E]ven though arbitration has a favored place, there still must be an underlying agreement between the parties to arbitrate." *Adkins*, 303 F.3d at 501 (internal quotations and citation omitted).  "Whether a party agreed to arbitrate a particular dispute is a question of state law governing contract formation." *Id*. (citing *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).  "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 81 (2000).  Where a valid arbitration agreement exists and covers the claims at issue, this Court has "no choice but to grant a motion to compel arbitration." *Adkins*, 303 F.3d at 500 (4th Cir. 2002).

## **DISCUSSION**

Dollar General moves to dismiss Plaintiff's Complaint in favor of arbitration pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and the FAA.  ECF No. 8 at 1.  Dollar General maintains that the parties entered into a valid and enforceable arbitration agreement[1] and that Plaintiff's claims are covered by the Agreement.  *Id.* at 5.  Specifically, Dollar General argues Plaintiff's claims relate to or arise out of her employment because the underlying conduct—the alleged theft of the $3,000.00 deposit—occurred within the course and scope of her employment at the store.  *Id.* at 7.

---

[1] The parties agree there is no dispute that the Agreement exists and contains an arbitration clause.  The question before the Court is whether Plaintiff's claims are subject to arbitration under the Agreement.

5

In addition, Dollar General contends Plaintiff's claims are covered under the Agreement because her three causes of action are based in tort law, and the provisions of the Agreement list "tort claims" as a type of claim that is covered by the Agreement. *Id.* at 7–8. Therefore, Dollar General argues Plaintiff must pursue her claims in arbitration. *Id.* at 8.

In contrast, Plaintiff contends her claims are not covered by the Agreement because they do not arise out of her employment with Dollar General. ECF No. 15 at 5. Instead, her claims specifically allege that Dollar General's acts and omissions caused a warrant to be sworn out for her arrest for a crime of which she was falsely accused. *Id.* Indeed, she claims the conduct alleged in her Complaint occurred two months after her employment at Dollar General ended and does not involve her employment or termination of employment. *Id.* at 4. Moreover, Plaintiff argues that her causes of action do not constitute Covered Claims[2] under the Agreement because they involve outrageous or fraudulent conduct in violation of South Carolina's public policy. *Id.* at 6; *see Aiken v. World Fin. Corp. of S.C.*, 644 S.E.2d 705, 709 (S.C. 2007) (noting the Court "will refuse to interpret any arbitration agreement as applying to outrageous torts that are unforeseeable to a reasonable consumer in the context of normal business dealings"). Specifically, Plaintiff alleges that her claims arising from a criminal prosecution based on the fraudulent acts of Dollar General were not within the contemplation of the parties and

---

[2] The Agreement defines "Covered Claims" as "any legal claims or disputes that [an employee] may have against Dollar General, its parent and subsidiary corporations, employees, officers and directors arising out of [that employee's] employment with Dollar General or termination of employment with Dollar General." ECF No. 8-1 at 6.

6

constitute outrageous and fraudulent conduct. *Id.* at 7. Therefore, Plaintiff requests the Court deny Dollar General's Motion.

Applying the four-factor test articulated by the Fourth Circuit, the Court finds the elements required to dismiss Plaintiff's Complaint in favor of arbitration are satisfied. *See Am. Gen. Life & Accident Ins. Co.*, 429 F.3d at 87. First, a dispute exists between the parties, as evidenced by the allegations in Plaintiff's Complaint.

Second, the arbitration agreement is a written agreement that contains an arbitration clause purportedly governing this dispute. As previously stated, the Agreement provides that the procedures outlined within it "will be the exclusive means of resolving Covered Claims relating to or arising out of your employment or termination of employment with Dollar General." ECF No. 8-1 at 6. Here, Plaintiff's Complaint alleges causes of action against Dollar General resulting from her arrest for Grand Larceny based on the theft of a $3,000.00 deposit on October 7, 2018. It is undisputed that Plaintiff was instructed to make the deposit on that date within the course and scope of her employment at Dollar General. Because the alleged theft served as the basis for Plaintiff's criminal charge, Plaintiff's claims against Dollar General resulting from her prosecution on that charge also stem from her conduct on October 7, 2018, in taking the deposit to the bank as directed. Consequently, the Court is constrained to find that Plaintiff's claims relate to or arise out of her employment at Dollar General and are therefore covered within the broad scope of the Agreement. *See AT&T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) ("[I]t has been established that where the contract contains an arbitration clause, there is a presumption of arbitrability in

7

the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" (quoting *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582–83 (1960))); *see also Vestry & Church Wardens of Church of Holy Cross v. Orkin Exterminating Co.*, 588 S.E.2d 136, 140 (S.C. Ct. App. 2003) ("[I]f the clause contains language compelling arbitration of any dispute arising out of the relationship of the parties, it does not matter whether the particular claim relates to the contract containing the clause; it matters only that the claim concerns the relationship of the parties.").

Third, the Court finds that the Agreement affects interstate commerce. *See , e.g.*, *McCutcheon v. THI of S.C. at Charleston, LLC*, C/A No. 2:11-cv-02861-DCN, 2011 WL 6318575, at *5 (D.S.C. Dec. 15, 2011).

Finally, the fourth element is satisfied because Plaintiff has refused to arbitrate this action as evidenced by her filing this lawsuit in federal court. Thus, the Court finds that a valid arbitration agreement exists, and the claims presented fall within its scope. *See Hooters of Am. v. Phillips*, 173 F.3d 933, 938 (4th Cir. 1999) (stating that in deciding whether an arbitration agreement is enforceable, the Court must "ensure that the dispute is arbitrable—i.e., that a valid agreement exists between the parties and that the specific dispute falls within the substantive scope of that agreement" (citing *Glass v. Kidder Peabody & Co.*, 114 F.2d 446, 453 (4th Cir. 1997))). Accordingly, the parties are directed

to proceed to arbitration in accordance with the terms of the Agreement.[3]  9 U.S.C. § 4 ("[U]pon being satisfied that the making of an agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.").

## CONCLUSION

For the reasons set forth above, Dollar General's Motion to Dismiss in Favor of Arbitration [8] is **GRANTED**, and Plaintiff's Complaint [1] is **DISMISSED** without prejudice.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

December 17, 2021
Spartanburg, South Carolina

---

[3] The Court notes Plaintiff has not requested a stay of the proceedings pending arbitration.  See 9 U.S.C. § 3 (noting "upon being satisfied that the issue involved in [a] suit or proceeding is referable to arbitration . . . [the Court] shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement").  Nevertheless, the Court finds that a stay is unnecessary in this case because all of the claims in the Complaint are subject to arbitration.  Therefore, dismissal is appropriate.  See Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709–10 (4th Cir. 2001) ("Notwithstanding the terms of § 3, however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."); see also Greenville Hosp. Sys. v. Employee Welfare Benefit Plan, 628 F. App'x 842, 845–46 (4th Cir. 2015) ("If a court determines . . . that all of the issues presented are arbitrable, then it may dismiss the case, as the district court did here."). Weckesser v. Knight Enters. S.E., LLC, 228 F. Supp. 3d 561, 564 (D.S.C. 2017) ("At present, in this Circuit a district court *must* stay an action pending arbitration of any arbitrable claims, with the exception that it *may* instead dismiss an action if all claims asserted are arbitrable.").